```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

BRUCE'S WRECKER SERVICE, INC., )
)
          Plaintiff, )
)
   v. ) No. 4:09CV556 FRB
)
AUTOMOBILE CLUB OF MISSOURI, )
)
          Defendant. )

**MEMORANDUM AND ORDER**

       This matter is before the Court on Automobile Club of Missouri's bill of costs (Doc. #90) and plaintiff's objections thereto. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

       Judgment having been entered in this cause on February 16, 2011, against plaintiff Bruce's Wrecker Service, Inc., and in favor of defendant Automobile Club of Missouri ("AAA Missouri") on defendant's Motion for Summary Judgment, defendant AAA Missouri filed a bill of costs on March 2, 2011, seeking recovery of its costs expended for deposition and transcription services, and for exemplification and copies of materials. Plaintiff makes specific objections to certain of defendant's requested costs, which are addressed post. Defendant AAA Missouri has replied to plaintiff's objections.

       Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "costs other than attorneys' fees

shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." The term "costs" as used in Rule 54(d)(1) is defined in 28 U.S.C. § 1920[1] which enumerates the expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d). <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437 (1987). Not all expenses of litigation are costs taxable against the losing party, however, and within the statutory framework of costs eligible to be taxed, the Court has the discretion in determining and awarding costs in a given case. <u>Pershern v. Fiatallis N. Am., Inc.</u>, 834 F.2d 136, 140 (8th Cir. 1987).

Here, defendant has submitted a bill of costs in the amount of $8,894.25, which includes costs in the amount of $4,630.05 for deposition and transcription fees, and $4,264.20 for exemplification and copies of materials. Inasmuch as plaintiff makes specific objections to portions of the bill, the Court will address each of plaintiff's objections in turn.

---

[1]28 U.S.C. § 1920 states:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

## I. Deposition/Transcription Costs

Defendant seeks to recover $4,630.05 for deposition costs incurred in the instant cause of action. Plaintiff makes specific objections to only those costs associated with the depositions of Larry Rodgers, Fred McIntire and James Franklin. Plaintiff also objects to the e-transcript and condensed copy fees associated with the depositions of Wayne Young and Mark Herbert. Inasmuch as plaintiff makes no specific objections to the costs associated with the depositions of the remaining deponents, the Court will allow such costs to be taxed. See Rule 8.03, Local Rules of the United States District Court for the Eastern District of Missouri.

A.  <u>Depositions of Larry Rodgers, Fred McIntire and James Franklin</u>

Plaintiff objects to the recovery of deposition costs for deponents Rodgers, McIntire and Franklin arguing that such depositions were not necessary for use in the case inasmuch as these deponents had limited knowledge with respect to the contractual and collateral estoppel issues in the case and, further, because defendant did not use or rely upon said depositions in its Motion for Summary Judgment or in any other manner.

A review of the record in this cause shows that plaintiff named Messrs. Rodgers and McIntire in his initial Rule 26(a)(1) disclosures as "[p]ersons likely to have discoverable information[.]" (Deft.'s Reply (Doc. #92), Exh. A.) Because plaintiff named these individuals as persons with information

relevant to the case, the undersigned determines that defendant's taking of Messrs. Rodgers' and McIntire's depositions was reasonably necessary at the time they were taken, and thus the costs associated therewith are recoverable. <u>Zotos v. Lindbergh Sch. Dist.</u>, 121 F.3d 356, 363-64 (8th Cir. 1997). This is so regardless of whether such deposition was submitted to or relied upon by the Court in granting defendant's Motion for Summary Judgment. <u>Id.</u> at 363 n.2.

To the extent defendant argues that plaintiff likewise identified James Franklin as a person with actual knowledge concerning plaintiff's claims, defendant has failed to provide any information to the Court so demonstrating. A review of the material submitted by defendant shows that, in response to defendant's interrogatory seeking the identity of employees terminated as a result of the conduct alleged in plaintiff's First Amended Complaint, plaintiff identified James Franklin only as a *current* employee. (Deft.'s Reply (Doc. #92), Exh. A.) Nowhere does plaintiff identify Mr. Franklin as an individual with discoverable information and/or as a person with knowledge of facts giving rise to plaintiff's claims. As such, the Court is not persuaded that the deposition of Mr. Franklin reasonably seemed necessary at the time it was taken and thus determines, in its discretion, to disallow the deposition fees relating thereto. <u>Zotos</u>, 121 F.3d at 363.

Accordingly, the costs associated with the deposition of

James Franklin, totaling **$392.00**, should be disallowed.

B.  E-Transcripts and Condensed Copies

Defendant obtained e-transcripts and condensed copies of the depositions of Wayne Young and Mark Hebert. The cost of e-transcripts totaled $40.00, and the cost of condensed copies totaled $30.00. Plaintiff objects to such costs. Defendant has voluntarily withdrawn the requested $30.00 for costs incurred for condensed copies[2] but argues that costs for e-transcripts are recoverable inasmuch as a court sitting in this district previously found that the benefits of having such electronic copies "'far outweigh the minimal cost associated with obtaining electronic copies[.]'" (Deft.'s Reply (Doc. #92) at p. 4 (quoting Farnsworth v. Covidien, Inc., No. 4:08CV01689 ERW, 2010 WL 2160900, at *3 (E.D. Mo. May 28, 2010)).) In Farnsworth, however, the party seeking recovery of costs presented reasons to the court as to why having electronic copies was necessary in that case, and the court was persuaded thereby. Here, however, defendant makes no argument demonstrating why such electronic copies were necessary in the circumstances of this case. Instead, defendant only quotes Farnsworth and the court's finding therein regarding the ease with which attorneys may work with such copies. Costs incurred for the convenience of the parties, which may include costs of deposition copies, are not taxable against the opposing party. Tallarico v. Trans World Airlines, Inc., 693 F. Supp. 785, 792-93 (E.D. Mo.

---

[2]See Deft.'s Reply (Doc. #92) at p. 4.

1988), aff'd in part, rev'd in part on other grounds, 881 F.2d 566 (8th Cir. 1989); see also generally American Guar. & Liab. Ins. Co. v. United States Fid. & Guar. Co., No. 4:06CV655 RWS, 2010 WL 1935998 (E.D. Mo. May 10, 2010) (citing numerous instances where costs are disallowed because of their being incurred for the convenience of counsel, including costs to obtain e-transcripts of depositions).

Accordingly, the costs for obtaining e-transcripts of Wayne Young's and Mark Hebert's depositions, totaling **$40.00**, should be disallowed. Defendant's requested costs for obtaining condensed copies of said depositions, totaling **$30.00**, are withdrawn.

C. Miscellaneous Deposition Costs

Itemized documents submitted with defendant's bill of costs show defendant to have incurred $52.00 in costs associated with postage for the delivery of depositions. This amount was subsumed in defendant's request to recover its deposition costs, and plaintiff objects specifically thereto. In its Reply Memorandum, defendant voluntarily withdraws its request for such postage costs. Inasmuch as $8.00 in postage costs relating to James Franklin's deposition have already been disallowed, see supra at Sec. I.A, the Court will consider defendant's request for the remaining $48.00 in postage costs to be withdrawn.

A review of defendant's itemized documents also shows defendant to have incurred $1.40 in costs associated with "exhibit

copies" relating to the depositions of Wayne Young and Mark Hebert. This amount was subsumed in defendant's request to recover its deposition costs, and plaintiff objects specifically thereto. In its Reply Memorandum, defendant voluntarily withdraws its request for such exhibit copy costs. As such, the Court will consider this requested cost of $1.40 to be withdrawn.

Accordingly, defendant's requested costs relating to said miscellaneous deposition matters are withdrawn, and defendant's deposition costs shall be reduced by **$49.40**.

## II.  Copying Expenses

Defendant seeks costs in the amount of $4,264.20 for fees incurred for exemplification and copies of materials necessarily obtained for use in the case.

Expenses for copies necessarily obtained for use in the case are recoverable by the prevailing party as costs. 28 U.S.C. § 1920. In determining whether a copy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily. Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002).

In its bill, defendant seeks to recover costs in the amount of $510.79 for producing copies of documents and other materials in response to plaintiff's discovery requests. Defendant also seeks costs in the amount of $300.52 for approximately 1190 pages in copies produced for depositions, and costs in the amount

of $3,452.89 for converting material on audio cassettes to CD-ROM's. Plaintiff objects to each of these requested costs.

A. Documents Produced in Discovery

The costs statute does not "cover a party's copying of documents to be produced in discovery[.]" Emmenegger v. Bull Moose Tube Co., 33 F. Supp. 2d 1127, 1133 (E.D. Mo. 1998). See also Little Rock Cardiology Clinic PA v. Baptist Health, 591 F.3d 591, 602 (8th Cir. 2009) (no abuse of discretion for refusal to tax discovery-related copying costs). Defendant argues here that copying the material it produced in discovery was reasonable and necessary inasmuch as such copies would most likely be marked as exhibits at trial. The undersigned notes, however, that the copies at issue here were made in September 2009, seventeen months prior to the time the case was set for trial and eleven months prior to the filing deadline for summary judgment motions. (Deft.'s Bill (Doc. #90), Invoices at p. 12.) The undersigned is not persuaded that the copies of documents and other materials made in response to plaintiff's discovery requests were necessarily made for use at the trial of this case.

The undersigned therefore determines, in its discretion, to disallow **$510.79** in costs for producing copies of documents and other materials in response to plaintiff's discovery requests.

B. Deposition Exhibits

Defendant also seeks to recover $300.52 in costs for approximately 1190 pages in copies of materials prepared for

depositions. Defendant contends that, at the time the materials were copied, "they were potential exhibits to the depositions (and at trial)." (Deft.'s Reply (Doc. #92) at p. 6.) Defendant does not refute plaintiff's contention that such materials were copies of defendant's own documents already in the possession of defendant's counsel and thus were made merely for the convenience of counsel. (Pltf.'s Obj. (Doc. #91) at p. 9.) Exhibit fees associated with the taking of depositions are incurred for the convenience of counsel and are not necessarily obtained for use in the case. See <u>American Guar.</u>, 2010 WL 1935998, at **5-6, 8-11. Defendant presents no argument demonstrating why 1190 pages in copied exhibits were necessary to the taking of the depositions in this cause. Nor does defendant identify the depositions for which such copied exhibits were used, or whether they in fact were used at any deposition. The undersigned is not persuaded that the copies of exhibits made for use at depositions were necessarily made to also be used at the trial of this case.

The undersigned therefore determines, in its discretion, to disallow **$300.52** in costs for approximately 1190 pages in copies of materials prepared for depositions.

C. <u>Conversion of Audio Cassettes to CD-ROM's</u>

Finally, defendant requests the recovery of costs in the amount of $3,452.89 for converting material provided by plaintiff on audio cassette tapes to CD-ROM's. The audio cassettes contain conversations between the AAA dispatcher, plaintiff's dispatcher

and various drivers.  Plaintiff challenges these costs, arguing that defendant could have made copies of the tapes, but instead determined to convert the audio cassettes to CD-ROM's for the purpose of "convenient listening."  (Pltf.'s Obj. (Doc. #91) at p. 9.)  In its Reply Memorandum, defendant contends that "[d]ue to certain technological hurdles, the audio tapes had to be converted to CD-ROM before they could be presented to a jury."  Defendant therefore argues that the making of these CD-ROM's was necessary and reasonable "at the time they were made as Defendant was anticipating evidence it would need for trial."  (Deft.'s Reply (Doc. #92) at pp. 5-6.)

A review of the exhibits submitted in support of defendant's bill of costs shows the CD-ROM's at issue to have been made in early March 2010.  At that time, trial was set to begin in January 2011, nine months later.[3]  The undersigned is not persuaded that defendant's determination to convert the audio cassettes to CD-ROM's was, at the time they were made, for purposes of properly presenting the audio to the jury.  Because the CD-ROM's were made for the convenience of counsel and were not necessarily obtained for use in the case, the undersigned determines, in its discretion, to disallow **$3,452.89** in costs for converting material provided by plaintiff on audio cassette tapes to CD-ROM's.

---

[3]The shipping date on the CD-ROM invoice is March 9, 2010. (Deft.'s Bill (Doc. #90), Invoices at p. 10.)  On March 11, 2010, at the request of both parties, the trial of this cause was continued from January 24, 2011, to March 28, 2011.  (See Doc. #49.)

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Automobile Club of Missouri's bill of costs (Doc. #90) shall be allowed in part and disallowed in part in accordance with the findings set out herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax the following costs against plaintiff Bruce's Wrecker Service, Inc., in this cause:

| | |
|---|---|
| Costs incident to taking depositions: | $4,118.65 |
| Fees for exemplification and copies: | $    0.00 |
| **TOTAL:** | **$4,118.65.** |

          */s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _19th_ day of July, 2011.